BOLES, Respondent, vs. WELCH and another, Appellants.

*September 26 — October 13, 1896.*

*Land contract: Satisfaction of covenants by work: Parol evidence: Specific performance.*

In an action to enforce specific performance of a land contract, evidence of declarations of the vendor, now deceased, that he was to give the land to the plaintiff for work which the latter had performed for him while living with him as a member of his family, does not contradict the terms of the written contract, but is admissible as tending to show that its covenants had been satisfied by work instead of money.

APPEAL from a judgment of the circuit court for Pierce county: E. B. BUNDY, Circuit Judge. *Affirmed.*

This is an action to enforce specific performance of a land contract for the conveyance of 120 acres of land. The contract was executed by Patrick Welch, deceased, in his lifetime, to the plaintiff, and was conditioned upon the payment by *Boles* of $2,200. The defendants are respectively the administrator of the estate of Patrick Welch with the will annexed, and the devisee under the will of the entire estate. The defense was that the contract had been forfeited by nonpayment of the consideration, and abandoned by the parties. Upon the trial it appeared that the plaintiff, though

not a relative of the Welches, had lived with Patrick Welch and his wife from the year 1863, when he was five years old, up to the time the contract in question was made, doing farm work of all kinds, without pay. Evidence was introduced, and was practically uncontradicted, that Patrick Welch had frequently said that he was to give plaintiff the land for his work; that the farm was bought for *Johnny* for his work. This evidence was all objected to as tending to vary and contradict the written contract, but it was received. The court found that it was agreed between Patrick Welch and the plaintiff that the plaintiff's work was to be accepted in full payment of the sums agreed to be paid by the plaintiff in the written contract, and thereupon decreed specific performance of the contract, and the defendants appealed.

For the appellants the cause was submitted on the brief of *J. S. White.* He contended, *inter alia,* that parol evidence is inadmissible to change an executory contract into an executed one. *Cooper v. Tappan,* 4 Wis. 362, 369; *Godfrey v. Germain,* 24 Wis. 416. If the contract is to pay money, a contemporaneous agreement to pay otherwise cannot be proved. *Rittenhouse v. Tomlinson's Ex'rs,* 27 N. J. Eq. 379; *Racine Co. Bank v. Keep,* 13 Wis. 209, 213. Nor can a different time or mode of payment than that expressed in the writing be shown. *Erbacher v. Seefeld,* 92 Wis. 350; *La Fayette Co. Monument Corp. v. Magoon,* 73 id. 627, 634; *Brinker v. Meyer,* 81 id. 35.

For the respondent there was a brief by *S. J. Field* and *Murphy & Bundy,* and oral argument by *R. E. Bundy.*

WINSLOW, J. The only serious question in the case is whether the evidence referred to in the statement of facts was admissible. It is said that such evidence tended to contradict the terms of a written contract, but we regard it as tending rather to show that in fact the covenants of the

written agreement had been paid and satisfied by work instead of in money. It seems clearly within the principle stated in *Jilson v. Gilbert*, 26 Wis. 637, and cases there cited.

*By the Court.*— Judgment affirmed.